1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL G. BRANT and SUSAN
GROESCHEL BRANT,

          Plaintiffs,

v.

SHEA MORTGAGE, INC., et al.,

          Defendants.

2:10-CV-771 JCM (RJJ)

**ORDER**

Presently before the court is defendant Countrywide Home Loans, Inc.'s (hereinafter "Countrywide") motion to dismiss (Doc. #8). Plaintiffs Michael and Susan Brant filed a response. (Doc. #11). Defendants filed a reply to the response (Doc. #19).

Also before the court is plaintiffs' motion to remand to state court (Doc. #10). Defendants filed a response (Doc. #18). Plaintiffs filed a reply to the response (Doc. #21)

Plaintiffs' claims stem from the purchase of their home at 1163 Paradise River Road, Henderson, Nevada, in June 2006. The purchase was financed by two loans from Shea Mortgage, Inc. Plaintiffs now allege 11 causes of action against all defendants, including Countrywide. Plaintiffs claim: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) violation of N.R.S. § 598(D) prohibiting unfair lending practices, (4) violation of N.R.S. § 41.600 and N.R.S. § 598 prohibiting consumer fraud and deceptive trade practices, (5) fraud, (6) constructive fraud, (7) negligent misrepresentation, (8) negligence, (9) tortious interference with contract, (10) conversion, and (11) civil conspiracy.

1     **A.     Motion to Dismiss**

2     Plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for

3     failure to state a claim for which relief can be granted. Under Federal Rule of Civil Procedure

4     12(b)(6) a claim may be dismissed based on the lack of a cognizable legal theory or on the absence

5     of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th

6     Cir. 2001). Furthermore a plaintiff's obligation to provide the "grounds of his entitlement for relief"

7     requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007).

8     Each of plaintiffs' claims are addressed below.

9     **1.     Breach of Contract Claim (Count 1) Fails as a Matter of Law**

10     Plaintiffs' breach of contract claim against Countrywide must be dismissed for failure to state

11     a claim for which relief can be granted. Plaintiffs' breach of contract claim never specifies what

12     contract Countrywide allegedly breached, or what conduct in the complaint is attributable to

13     Countrywide. Plaintiffs claim that Countrywide "breached" a prequalification letter. However, a

14     prequalification letter is an assessment of an applicant's qualifications for receiving loan, not a

15     binding contract. Plaintiffs fail to identify an error or misstatement by Countrywide on any loan

16     document.

17     **2.     Breach of Covenant of Good Faith and Fair Dealing (Count 2) Fails**

18     Plaintiffs fail to assert a claim for breach of contractual duty of good faith and fair dealing.

19     A claim for breach of the covenant of good faith and fair dealing arises when a "party to the contract

20     deliberately contravenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis*

21     *Prods., Inc.,* 107 Nev. 226, 808 P.2d 919, 922-23 (Nev. 1991).  A tort action for breach of the

22     implied covenant of good faith and fair dealing arises only in "rare and exceptional cases" when a

23     special relationship exists between the tortfeasor and the victim. *See Ins. Co. Of the W. v. Gibson*

24     *Title Co.*, 122 Nev. 455, 461 (Nev. 2006). Nevada contract law does not impose such an obligation

25     on the lender in an arms-length loan transaction. *See Giles v. Gen Motors Acceptance Corp.,* 494

26     F.3d 865, 882 (9th Cir. 2007)

27     Although plaintiffs allege that they placed their trust in defendants to choose an appropriate

28

**James C. Mahan**
**U.S. District Judge**                                    - 2 -

1   loan due to defendants' knowledge of the lending process, this does not create a special fiduciary

2   relationship. Plaintiffs do not credibly dispute that their relationship with Countrywide was an arms-

3   length transaction for which Nevada law does not impute a special fiduciary responsibility.

4   Accordingly, Countrywide cannot incur tort liability for breach of the duty of good faith and fair

5   dealing.

6         **3.**     **Claims for Violations of the Unfair Lending Practices Act, consumer**

7         **Fraud, Fraud, Constructive Fraud, Negligent Misrepresentation,**

8         **Negligence, and Conspiracy (Counts 3,4,5,6,7,8 and 11) are all Barred by**

9         **the Statute of Limitations**

10       Counts 3, 4, 5, 6, 7, 8, and 11 are time-barred by the statute of limitations. A plaintiff must

11   bring an "action to recover damages . . . caused by the wrongful act or negligence of another" within

12   2 years. N.R.S. § 11.190(4)(e). Actions based upon "a liability created by statute, other than a

13   penalty or forfeiture" and actions "for relief on the ground of fraud or mistake" must be brought

14   within 3 years. N.R.S. §11.190(3)(a), (d). Actions not filed within the applicable limitations period

15   are barred.   N.R.S. § 11010.

16       Plaintiffs admit the loans closed in June 2006. All wrongful acts alleged concern statements

17   made at or around the time plaintiffs entered into the loan transaction. This complaint was filed in

18   April, 2010. Accordingly, counts 3, 4, 5, 6, 7, 8, and 11 are barred by the statute of limitations.

19         **4.**     **Claim for Tortious Interference with Contract (Count 9) fails as a matter**

20         **of Law**

21       In order to establish a claim for tortious interference with a contract, a plaintiff must

22   establish: (1) a valid contract between plaintiffs and a third party, (2) defendant's knowledge of the

23   contract, (3) that defendant committed intentional acts intended to disrupt the contractual

24   relationship, (4) actual disruption of the contract and (5) damages. *Hilton Hotel Corp. v. Butch Lewis*

25   *Productions Inc.,* 109 Nev. 1043, 862 P.2d 1207 (Nev. 1993).

26       Plaintiffs fail to plead any of these elements with respect to Countrywide. Plaintiffs have not

27   alleged the manner in which the contract was impaired by Countrywide, damages, intentional acts

28

**James C. Mahan**
**U.S. District Judge**

1    by Countrywide, or how such acts were intended to disrupt plaintiffs' contracts. Accordingly, the

2    tortious interference claim fails as a matter of law.

3                    **5.      Claim for Conversion (Count 10) Fails as a Matter of Law**

4            Conversion is defined as "a distinct act of dominion wrongfully exerted over another's

5    personal property in denial of . . .his title or rights therein or in derogation, exclusion, or defiance

6    of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606 (Nev. 2000).

7    Plaintiff's claim here is for conversion of real property. Conversion exists only regarding personal

8    property. Plaintiffs' claim must for conversion must be dismissed.

9                    **B.      Motion to Remand**

10           Plaintiff asserts that the present case was improperly removed to this court because the claims

11   asserted in the second amended complaint are not governed by federal law.  Under 28 U.S.C.

12   §1441(b), this court has original jurisdiction over claims that arise under federal law.  Furthermore,

13   claims brought under state law "arise under" federal law if the state claim turns on a substantial

14   question of federal law.  *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990).

15           Plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

16   §2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601. The majority of the claims asserted

17   against defendants necessarily allege violations of federal law because they require the court to

18   determine what information the defendants had a duty to disclose under federal law. Plaintiffs allege,

19   *inter alia*, improper compliance at the closing of the purchase.  Closing procedures are governed by

20   federal law, including TILA and RESPA  Therefore, this court finds that removal to this court was

21   proper.

22           Therefore,

23           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Countrywide

24   Financial's motion to dismiss (Doc. #8) be, and the same hereby is, GRANTED.

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**                                            - 4 -

1     IT IS FURTHER ORDERED that plaintiffs' motion to remand (Doc. #10) be, and the same

2  hereby is, DENIED.

3     DATED August 6, 2010.

4

5                                              _____
                                               UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan
U.S. District Judge**                                    - 5 -